Roderick E. ROBINSON Petitioner—
Appellant,

v.

Terry STEWART, Director
Respondent—
Appellee.

No. 00–15698.

D.C. No. CV–97–00769–ROS.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 15, 2001.*

Decided Aug. 22, 2001.

Before WOOD, Jr.,** KOZINSKI, and O'SCANNLAIN, Circuit Judges.

---

* The panel unanimously finds this case suitable for submission on the record and briefs, without oral argument. See Fed. R.App. P. 34(a)(2).

** Honorable Harlington Wood, Jr., Senior Circuit Judge, United States Court of Appeals for the Seventh Circuit, sitting by designation.

MEMORANDUM \*\*\*

Roderick E. Robinson, an Arizona state prisoner, appeals the federal district court's dismissal of his petition for writ of habeas corpus. The facts and prior proceedings are known to the parties; they are not cited herein, except as necessary.

Under the Antiterrorism and Effective Death Penalty Act of 1996, a petition for writ of habeas corpus may be granted if the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Robinson bases his habeas petition on ineffective assistance of counsel. Under *Strickland v. Washington,* the controlling federal law in this case, Robinson must establish that (1) counsel was deficient at the pre-sentence hearing, which (2) prejudiced Robinson's defense so severely that it produced an unreliable result at trial. 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Robinson has failed to demonstrate prejudice, for he has not shown a reasonable probability that his sentence would have been different but for counsel's allegedly deficient performance. *Id.* at 694, 104 S.Ct. 2052. Though he criticizes counsel for asserting an actual innocence argument that was contrary to Robinson's plea, the record demonstrates that the state court would have imposed the same sentence absent counsel's alleged errors. Considering the aggravating factors, Robinson's prison term is within the statutory range assigned to his crime.

Therefore, he was not denied effective assistance of counsel. *Id.* at 697, 104 S.Ct. 2052 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice ... that course should be followed."). Accordingly, the state court's decision was not "contrary to, or ... an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d).

Therefore, the district court's denial of Robinson's petition for writ of habeas corpus is AFFIRMED.

---

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

